UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GARY CARRION,<br><br>                      Plaintiff,<br><br>     -against-<br><br>THE CITY OF NEW YORK, PO SHAWN NICHOLSON; PO MELVIN WELCH; PO JOHNMATTHEW DIAZ; PO ANDY AGUILAR; PO JEFFREY CHIN; PO ANHAIZ HERCULE; PO BRIANNA FORMAN; PO DMITRY VORTMAN; PO GIUSEPPE ALTADONNA; PO KURLON PARRIS; SGT. CORY SHANE; AND CPT. MALIK HIRANI<br><br>                      Defendants. | Case No.: 1:24-cv-3805<br><br>COMPLAINT |

Plaintiff Gary Carrion, by his attorneys at Rickner PLLC, complaining of the Defendants, alleges, upon information and belief and personal knowledge:

**NATURE OF THE CASE**

1. This is a civil rights action brought against the City of New York and members of the New York City Police Department ("NYPD"), who violated Plaintiff's rights under the Constitution of the United States and the Constitution of the State of New York, and committed torts actionable under the common laws and statutes of the State and New York.

2. NYPD officers brazenly broke into Plaintiff's home without a warrant or any legal justification, destroyed his property, and shot and killed his dog, Tracy, before arresting Plaintiff in the absence in probable cause.

1

## JURISDICTION & VENUE

3. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of Plaintiffs rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, Plaintiff's rights under Article 1, Section 12 of the Constitution of the State of New York, and the common laws and statues of the of the State and City of New York.

4. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. § 1988.

5. Pursuant to New York State General Municipal Law § 50-e, Plaintiff filed a timely Notice of Claim with the New York City Comptroller, and Plaintiff appeared for a hearing under New York State General Municipal Law § 50-h on April 30, 2024. Plaintiff's claims were not adjusted by the New York City Comptroller's Office within the period of time provided by statute.

6. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331, as this action seeks redress for the violation of Plaintiff's federal constitutional rights.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2).

## JURY DEMAND

8. Plaintiff demands a trial by jury for all causes of action pleaded herein.

## PARTIES

9. Plaintiff is, and was at all times relevant to this action, a resident of Kings County in the State of New York.

10. Defendant the City of New York is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department that acts as its agent in the area of law enforcement and for which it is ultimately responsible.

11. Defendant City of New York assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the NYPD.

12. Defendant Police Officer SHAWN NICHOLSON (TAX # 962638) (hereinafter "Nicholson") was at all relevant times described herein an NYPD officer, employed by the City of New York. At all relevant times described herein he was acting under color of New York state law, and acting in the course and scope of his duties. He is sued in his individual capacity.

13. PO Nicholson is entitled to indemnification by the City of New York under New York law for any liability arising from his conduct described herein.

14. PO Nicholson is entitled to indemnification by the City of New York pursuant to contract for any liability arising from his conduct described herein.

15. Defendant Police Officer MELVIN WELCH (TAX # 949793) (hereinafter "Welch") was at all relevant times described herein an NYPD officer, employed by the City of New York. At all relevant times described herein he was acting under color of New York state law, and acting in the course and scope of his duties. He is sued in his individual capacity.

16. PO Welch is entitled to indemnification by the City of New York under New York law for any liability arising from his conduct described herein.

17. PO Welch is entitled to indemnification by the City of New York pursuant to contract for any liability arising from his conduct described herein.

18. Defendant Police Officer JOHNMATTHEW DIAZ (TAX # 972386) (hereinafter "Diaz") was at all relevant times described herein an NYPD officer, employed by the City of New York. At all relevant times described herein he was acting under color of New York state law, and acting in the course and scope of his duties. He is sued in his individual capacity.

19. PO Diaz is entitled to indemnification by the City of New York under New York law for any liability arising from his conduct described herein.

20. PO Diaz is entitled to indemnification by the City of New York pursuant to contract for any liability arising from his conduct described herein.

21. Defendant Police Officer ANDY AGUILAR (TAX # 971786) (hereinafter "Aguilar") was at all relevant times described herein an NYPD officer, employed by the City of New York. At all relevant times described herein he was acting under color of New York state law, and acting in the course and scope of his duties. He is sued in his individual capacity.

22. PO Aguilar is entitled to indemnification by the City of New York under New York law for any liability arising from his conduct described herein.

23. PO Aguilar is entitled to indemnification by the City of New York pursuant to contract for any liability arising from his conduct described herein.

24. Defendant Police Officer JEFFREY CHIN (TAX # 960366) (hereinafter "CHIN") was at all relevant times described herein an NYPD officer, employed by the City of New York. At all relevant times described herein he was acting under color of New York state law, and acting in the course and scope of his duties. He is sued in his individual capacity.

25. PO Chin is entitled to indemnification by the City of New York under New York law for any liability arising from his conduct described herein.

26. PO Chin is entitled to indemnification by the City of New York pursuant to contract for any liability arising from his conduct described herein.

27. Defendant Police Officer JEFFREY CHIN (TAX # 960366) (hereinafter "CHIN") was at all relevant times described herein an NYPD officer, employed by the City of New York. At all

4

relevant times described herein he was acting under color of New York state law, and acting in the course and scope of his duties. He is sued in his individual capacity.

28. PO Chin is entitled to indemnification by the City of New York under New York law for any liability arising from his conduct described herein.

29. PO Chin is entitled to indemnification by the City of New York pursuant to contract for any liability arising from his conduct described herein.

30. Defendant Police Officer ANHAIZ HERCULE (TAX # 973261) (hereinafter "Hercule") was at all relevant times described herein an NYPD officer, employed by the City of New York. At all relevant times described herein he was acting under color of New York state law, and acting in the course and scope of his duties. He is sued in his individual capacity.

31. PO Hercule is entitled to indemnification by the City of New York under New York law for any liability arising from his conduct described herein.

32. PO Hercule is entitled to indemnification by the City of New York pursuant to contract for any liability arising from his conduct described herein.

33. Defendant Police Officer BRIANNA FORMAN (TAX #972389) (hereinafter "Forman") was at all relevant times described herein an NYPD officer, employed by the City of New York. At all relevant times described herein she was acting under color of New York state law, and acting in the course and scope of her duties. She is sued in his individual capacity.

34. PO Forman is entitled to indemnification by the City of New York under New York law for any liability arising from her conduct described herein.

35. PO Forman is entitled to indemnification by the City of New York pursuant to contract for any liability arising from her conduct described herein.

36. Defendant Police Officer DMITRY VORTMAN (TAX # 973024) (hereinafter "Vortman") was at all relevant times described herein an NYPD officer, employed by the City of New York. At all relevant times described herein he was acting under color of New York state law, and acting in the course and scope of his duties. He is sued in his individual capacity.

37. PO Vortman is entitled to indemnification by the City of New York under New York law for any liability arising from his conduct described herein.

38. PO Vortman is entitled to indemnification by the City of New York pursuant to contract for any liability arising from his conduct described herein.

39. Defendant Police Officer GIUSEPPE ALTADONNA (TAX #968229) (hereinafter "Altadonna") was at all relevant times described herein an NYPD officer, employed by the City of New York. At all relevant times described herein he was acting under color of New York state law, and acting in the course and scope of his duties. He is sued in his individual capacity.

40. PO Altadonna is entitled to indemnification by the City of New York under New York law for any liability arising from his conduct described herein.

41. PO Altadonna is entitled to indemnification by the City of New York pursuant to contract for any liability arising from his conduct described herein.

42. Defendant Police Officer KURLON PARRIS (TAX #962661) (hereinafter "Parris") was at all relevant times described herein an NYPD officer, employed by the City of New York. At all relevant times described herein he was acting under color of New York state law, and acting in the course and scope of his duties. He is sued in his individual capacity.

43. PO Parris is entitled to indemnification by the City of New York under New York law for any liability arising from his conduct described herein.

6

44. PO Parris is entitled to indemnification by the City of New York pursuant to contract for any liability arising from his conduct described herein.

45. Defendant Sergeant CORY SHANE (TAX #952230) (hereinafter "Shane") was at all relevant times described herein an NYPD officer, employed by the City of New York. At all relevant times described herein he was acting under color of New York state law, and acting in the course and scope of his duties. He is sued in his individual capacity.

46. Sgt. Shane is entitled to indemnification by the City of New York under New York law for any liability arising from his conduct described herein.

47. Sgt. Shane is entitled to indemnification by the City of New York pursuant to contract for any liability arising from his conduct described herein.

48. Defendant Captain MALIK HIRANI (TAX # 935025) (hereinafter "Hirani") was at all relevant times described herein an NYPD officer, employed by the City of New York. At all relevant times described herein he was acting under color of New York state law, and acting in the course and scope of his duties. He is sued in his individual capacity.

49. Cpt. Hirani is entitled to indemnification by the City of New York under New York law for any liability arising from his conduct described herein.

50. Cpt. Hirani Shane is entitled to indemnification by the City of New York pursuant to contract for any liability arising from his conduct described herein.

51. Nicholson, Welch, Diaz, Aguilar, Chin, Hercule, Forman, Vortman, Altadonna, Parris, Shane, and Hirani are referred to collectively as the "Individual Defendants."

52. At all times relevant herein, the Individual Defendants were acting under color of state law in the course and scope of their duties as agents, employees and officers of NYPD, and otherwise engaged in conduct incidental to the performance of their lawful functions in the course

7

of their duties. They were acting for and on behalf of the NYPD at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the NYPD and incidental to the lawful pursuit of their duties as officers, employees and agents of the NYPD.

53. At all relevant times, the Individual Defendants were engaged in a joint venture, assisting each other in performing the various actions described herein and lending their physical presence and support and the authority of their offices to one another.

## THE VIOLATION OF PLAINTIFF'S CIVIL RIGHTS

54. On or about February 27, 2023, Plaintiff was hosting two friends for a barbeque at his home in Brooklyn, New York.

55. Across the street, workers at an active construction site were dumping their trash by the lamppost on the sidewalk of Plaintiff's street.

56. Plaintiff noticed that the workers were throwing out items that could be reused, so he walked across the street to assess the trash pile.

57. As he did so, a man who appeared to be the site manager began yelling at Plaintiff about dumping trash. Plaintiff tried to explain that he lived across the street, observed construction items being thrown out, and came to take a look to see if anything could be reused.

58. The man continued screaming at Plaintiff from a close distance, spitting in his face as he did so. Plaintiff backed away, reiterated that he was not dumping anything, and returned inside his home empty handed.

59. Minutes later, after the site manager called 911, the Individual Defendants arrived at Plaintiff's home and started speaking to him from outside the building.

60. Plaintiff was inside, and talking to the officers from an open window on the second floor. He explained what happened, and declined the officer's requests to come outside.

61. When the officers became insistent, Plaintiff called 911 and requested that a supervisor be sent to the area to oversee the police interaction. Upon information and belief, Shane and/or Hirani arrived on scene in response to Plaintiff's 911 call.

62. Angry that Plaintiff would not come outside, the Individual Defendants proceeded to enter through a neighbor's home, jump the fence, and break in through Plaintiff's kitchen.

63. The officers had no lawful authority to enter the home—neither a warrant nor exigent circumstances existed at the time of the entry.

64. Several of the Individual Defendants entered the first floor of the home with their guns drawn and proceeded upstairs.

65. Some of the officers entered the room where Plaintiff was, and immediately placed him under arrest.

66. At the same time, the remaining officers entered a second bedroom next to Plaintiff's, where the friends were hanging out. Plaintiff's dog, Tracy, was also in the second bedroom.

67. Immediately after entering the second room, one or more of the Individual Defendants shot and killed Tracy without cause or justification.

68. Plaintiff, cuffed in the room next door, heard the shot and Tracy's cries of pain.

69. On the way to the precinct, Plaintiff was unaware that his dog had been killed; he only knew that she was shot and may be injured.

70. One of the officers, likely Forman, told Plaintiff during transport back to the precinct that Tracy attacked one of the officers. But this was a lie, or false information passed on from the officer who pulled the trigger. No such attack ever occurred.

71. Once at the precinct, Plaintiff started experiencing symptoms of a panic attack, and he was transferred to a hospital after requesting treatment. Shortly after returning from the hospital, Plaintiff asked how Tracy was doing, and learned for the first time that she had been killed.

72. Plaintiff's distress was so overwhelming that he had to be returned to the hospital for high blood pressure and other symptoms of panic. His symptoms continued after the second discharge and through to his arraignment, after which he was released from custody.

73. Upon information and belief, when the District Attorney's office watched the body-worn camera of the incident, prosecutors immediately dropped all charges against Plaintiff.

### THE INDIVIDUAL OFFICERS' HISTORY OF MISCONDUCT

74. This incident was not the first in which one or more of the Individual Defendants entered a private home without a warrant or other legal justification.

75. Several of the Individual Defendants have committed similar misconduct, yet the City has failed to adequately supervise or discipline these officers, allowing their misdeeds to persist.

76. The Individual Defendants' actions in this case were wanton, reckless, and malicious, as well as in blatant disregard of Plaintiff's civil rights, and as such the Individual Defendants are liable for punitive damages, as is the City of New York under the doctrine of *respondeat superior*.

### FIRST CLAIM FOR RELIEF:
### UNREASONABLE SEARCH AND SEIZURE UNDER 42 U.S.C. § 1983
### AGAINST THE INDIVIDUAL DEFENDANTS

77. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

78. The Individual Defendants entered Plaintiff's home and searched the premises in the absence of a warrant or any exigent circumstances.

79. Moreover, the manner in which the entry and search was conducted was unreasonable, because the Individual Defendants broke in, destroying property in the process, and shot and killed Plaintiff's dog without legal justification.

80. By virtue of the aforementioned acts, Plaintiff was deprived of his civil rights guaranteed under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable or unlawful searches and seizures.

81. As a result of the above unconstitutional conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries, and the Individual Defendants are liable to Plaintiff for compensatory and punitive damages under 42 U.S.C. § 1983.

**SECOND CLAIM FOR RELIEF:**
**FALSE ARREST UNDER 42 U.S.C. § 1983**
**AGAINST THE INDIVIDUAL DEFENDANTS**

82. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

83. The Individual Defendants restrained and arrested Plaintiff without probable cause.

84. By virtue of the aforementioned acts, Plaintiff was deprived of his civil rights guaranteed under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable or unlawful searches and seizures.

85. As a result of the above unconstitutional conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries, and the Individual Defendants are liable to Plaintiff for compensatory and punitive damages under 42 U.S.C. § 1983.

## THIRD CLAIM FOR RELIEF:
## PROSECUTION WITHOUT PROBABLE CAUSE UNDER 42 U.S.C. § 1983
## AGAINST THE INDIVIDUAL DEFENDANTS

86. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

87. The Individual Defendants initiated a prosecution against Plaintiff without probable cause, and that prosecution resolved in a complete dismissal of the charges, in favor of Plaintiff.

88. By virtue of the aforementioned acts, Plaintiff was deprived of his civil rights guaranteed under the Fourth and Fourteenth Amendments to the United States Constitution.

89. As a result of the above unconstitutional conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries, and the Individual Defendants are liable to Plaintiff for compensatory and punitive damages under 42 U.S.C. § 1983.

## FOURTH CLAIM FOR RELIEF:
## DUE PROCESS VIOLATIONS UNDER 42 U.S.C. § 1983
## AGAINST THE INDIVIDUAL DEFENDANTS

90. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

91. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

92. Upon information and belief, the Individual Defendants provided false evidence and statements to the prosecution and court, including evidence falsely indicating that there were exigent circumstances, and that Plaintiff's dog attacked one of the officers.

93. By virtue of the aforementioned acts, Plaintiff was deprived of his civil rights guaranteed under the Fourteenth Amendment to the United States Constitution.

94. As a result of the above unconstitutional conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries, and the Individual Defendants are liable to Plaintiff for compensatory and punitive damages under 42 U.S.C. § 1983.

## FIFTH CLAIM FOR RELIEF:
## FAILURE TO INTERVENE AND CONSPIRACY UNDER 42 U.S.C. § 1983 AGAINST THE INDIVIDUAL DEFENDANTS

95. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

96. The Individual Defendants failed to intervene to prevent, end or report the unlawful and unconstitutional conduct to which Plaintiff was subjected, despite the fact that they had opportunities to do so.

97. The Individual Defendants thereby displayed deliberate indifference to Plaintiff's rights, including Plaintiffs right to be free from unreasonable and unlawful searches and seizures.

98. The Individual Defendants also Defendants agreed among themselves and with other individuals to act in concert and thus conspired to deprive Plaintiff of clearly established civil rights.

99. By virtue of the aforementioned acts, Plaintiff was deprived of his civil rights guaranteed under the Fourth and Fourteenth Amendments to the United States Constitution.

100. As a result of the above unconstitutional conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries, and the Individual Defendants are liable to Plaintiff for compensatory and punitive damages under 42 U.S.C. § 1983.

## SIXTH CLAIM FOR RELIEF:
## ASSAULT AGAINST THE INDIVIDUAL DEFENDANTS
## AND THE CITY OF NEW YORK

101. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

102. The Individual Defendants intentionally, willfully and maliciously assaulted Plaintiff in that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact and intentionally did a violent and/or menacing act which threatened such contact to the Plaintiff, and that such acts caused apprehension of such contact in the Plaintiff.

103. As a result of the above tortious conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries, and the Individual Defendants are liable to Plaintiff for compensatory and punitive damages.

104. The City of New York is liable for the conduct of the Individual Defendants and any damages they caused under the doctrine of *respondeat superior*.

## SEVENTHCLAIM FOR RELIEF:
## BATTERY AGAINST THE INDIVIDUAL DEFENDANTS
## AND THE CITY OF NEW YORK

105. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

106. The Individual Defendants intentionally, willfully and maliciously battered Plaintiff, when they, in a hostile and/or offensive manner struck Plaintiff and handcuffed him without his consent and with the intention of causing harmful and/or offensive bodily contact to the Plaintiff and caused such battery.

107. As a result of the above tortious conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries, and the Individual Defendants are liable to Plaintiff for compensatory and punitive damages.

108. The City of New York is liable for the conduct of the Individual Defendants and any damages they caused under the doctrine of *respondeat superior*.

### EIGHTH CLAIM FOR RELIEF:
### FALSE ARREST AND FALSE IMPRISONMENT AGAINST
### THE INDIVIDUAL DEFENDANTS AND THE CITY OF NEW YORK

109. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

110. Plaintiff was arrested, handcuffed, and detained in the absence of probable cause by the Individual Defendants.

111. That at all times hereinafter mentioned, said arrest, confinement and restraint of liberty was not otherwise privileged.

112. Plaintiff was conscious of the confinement and did not consent to such confinement.

113. As a result of the above tortious conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries, and the Individual Defendants are liable to Plaintiff for compensatory and punitive damages.

114. The City of New York is liable for the conduct of the Individual Defendants and any damages they caused under the doctrine of *respondeat superior*.

### NINTH CLAIM FOR RELIEF:
### MALICIOUS PROSECUTION AGAINST THE INDIVIDUAL DEFENDANTS
### AND THE CITY OF NEW YORK

115. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

15

116. The Individual Defendants initiated a prosecution against Plaintiff without probable cause, and with malice, and that prosecution resolved in a complete dismissal of the charges, in favor of Plaintiff.

117. As a result of the above tortious conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries, and the Individual Defendants are liable to Plaintiff for compensatory and punitive damages.

118. The City of New York is liable for the conduct of the Individual Defendants and any damages they caused under the doctrine of *respondeat superior*.

### TENTH CLAIM FOR RELIEF:
### N.Y.C. ADMIN. CODE §§ 8-801 TO 8-807 AGAINST THE INDIVIDUAL DEFENDANTS AND THE CITY OF NEW YORK

119. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

120. Plaintiff's right to be free from unreasonable searches and seizures was violated by the conduct of the Individual Defendants.

121. The City of New York is liable as the employer of the Individual Defendants under New York City Administrative Code § 8-803(b).

122. Qualified immunity is no defense to this claim.

123. As a result of the above unlawful conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries, and the Individual Defendants are liable to Plaintiff for compensatory and punitive damages.

124. The City of New York is liable for the conduct of the Individual Defendants and any damages they caused under the doctrine of *respondeat superior*.

## ELEVENTH CLAIM FOR RELIEF:
## NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING AGAINST THE CITY OF NEW YORK

125. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

126. The City of New York negligently hired, screened, retained, supervised, and trained the Individual Defendants. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to Plaintiff's rights under the Constitution of the United States and the Constitution of the State of New York, and committed torts actionable under the common laws and statutes of the State and New York.

127. For example, the City was on notice of the Individual Defendants' prior instances of misconduct, but it failed to meaningfully discipline the officers, effectively ratifying that conduct. So too did the City fail to adequately supervise these officers to prevent their blatantly illegal and unconstitutional conduct.

128. The City of New York is liable for the conduct of the Individual Defendants and any damages they caused under the doctrine of *respondeat superior*.

## TWELFTH CLAIM FOR RELIEF:
## INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST THE INDIVIDUAL DEFENDANTS AND THE CITY OF NEW YORK

129. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

130. The Individual Defendants engaged in extreme and outrageous conduct, which intentionally and/or negligently caused severe emotional distress to Plaintiff.

131. As a result of the above tortious conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries, and the Individual Defendants are liable to Plaintiff for compensatory and punitive damages.

132. The City of New York is liable for the conduct of the Individual Defendants and any damages they caused under the doctrine of *respondeat superior*.

### THIRTEENTH CLAIM FOR RELIEF:
### CONVERSION AGAINST THE INDIVIDUAL DEFENDANTS
### FOURTEENTH AND THE CITY OF NEW YORK

133. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

134. Plaintiff has a lawful possessory interest in his pet dog, Tracy.

135. By shooting and killing Tracy, the Individual Defendants permanently deprived of the use and enjoyment of his beloved pet, constituting a conversion under New York law.

136. As a result of the above tortious conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries, and the Individual Defendants are liable to Plaintiff for compensatory and punitive damages.

137. The City of New York is liable for the conduct of the Individual Defendants and any damages they caused under the doctrine of *respondeat superior*.

### FIFTEENTH CLAIM FOR RELIEF:
### VIOLATION OF ARTICLE I, § 12 OF THE NEW YORK STATE CONSTITUTION
### AGAINST THE INDIVIDUAL DEFENDANTS
### AND THE CITY OF NEW YORK

138. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

18

139. Such conduct breached the protections guaranteed to plaintiff by the New York State Constitution, including but not limited to, Article 1, § 12, and including the following rights:

   a. freedom from unreasonable search and seizure of person and property;

   b. freedom from arrest without probable cause;

   c. freedom from false imprisonment, that being wrongfully detained without good faith, reasonable suspicion, or legal justification, and of which wrongful detention plaintiff was aware and did not consent;

   d. freedom from the lodging of false charges against him by police officers and prosecutors, including on information and belief, by some or all of the individual defendants; and

   e. freedom from deprivation of liberty without due process of law.

140. As a direct and proximate result of defendants' deprivations of plaintiff's rights, privileges, and immunities guaranteed by the New York State Constitution.

141. As a result of the above unconstitutional conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries, and the Individual Defendants are liable to Plaintiff for compensatory and punitive damages.

142. The City of New York is liable for the conduct of the Individual Defendants and any damages they caused under the doctrine of *respondeat superior*.

**WHEREFORE**, Plaintiff demands the following relief jointly and severally against all of the Individual Defendants, as well as the City of New York:

   a. Compensatory damages;

   b. Punitive damages;

   c. The convening and empaneling of a jury to consider the merits of the claims herein;

19

    d.  Costs and interest and attorney's fees;

    e.  Such other and further relief as this court may deem appropriate and equitable.

Dated: New York, New York
       May 28, 2024

Rickner PLLC

By: /s/

Stephanie Panousieris

14 Wall Street, Suite 1603
New York, New York 10005
Phone: (212) 300-6506
Fax: (888) 390-5401
*Attorney for Plaintiff*