UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X

| | |
|---|---|
| GARY CARRION AND SHAKUR VINES,<br><br>                                      Plaintiffs<br><br>- against -<br><br>THE CITY OF NEW YORK, PO SHAWN NICHOLSON, PO MELVIN WELCH, PO JOHNMATTHEW DIAZ, PO ANDY AGUILAR, PO JEFFREY CHIN, PO ANHAIZ HERCULE, PO BRIANNA FORMAN, PO DMITRY VORTMAN, PO GIUSEPPE ALTADONNA, PO KURLON PARRIS, SGT. CORY SHANE AND CPT. MALIK HIRANI | **ANSWER TO FIRST AMENDED COMPLAINT**<br><br>24-CV-03805 (MMH)<br><br>**JURY TRIAL DEMANDED** |

Defendants.
------------------------------------------------------------------------ X

Defendants the City of New York, PO Johnmatthew Diaz, PO Andy Aguilar, PO Jeffrey Chin, PO Anhaiz Hercule, PO Brianna Forman, PO Dmitry Vortman, PO Giuseppe Altadonna, PO Kurlon Parris and CPT. Malik Hirani (hereinafter "Defendants") by their attorney, Muriel Goode-Trufant, Corporation Counsel of the City of New York, for their answer to the First Amended Complaint, respectfully allege as follows:

      1.    Deny the allegations set forth in Paragraph "1" of the First Amended Complaint, except admit that Plaintiffs purport to proceed as set forth therein.

      2.    Deny the allegations set forth in Paragraph "2" of the First Amended Complaint.

      3.    Deny the allegations set forth in Paragraph "3" of the First Amended Complaint, except admit that Plaintiffs purport to proceed as stated therein.

4. The allegations set forth in Paragraph "4" of the First Amended Complaint are legal conclusions to which no response is required.

5. Deny the allegations set forth in Paragraph "5" of the First Amended Complaint, except admit that a document purporting to be a Notice of Claim was received by the Comptroller's Office on or about May 30, 2023, and further admit that, to date, this matter has not been resolved.

6. Deny the allegations set forth in Paragraph "6" of the First Amended Complaint, except admit that Plaintiffs purport to invoke the jurisdiction of the Court as stated therein

7. Deny the allegations set forth in Paragraph "7" of the First Amended Complaint, except admit that Plaintiffs purport to base venue as stated therein.

8. The allegations set forth in Paragraph "8" of the First Amended Complaint are not averments of fact that require a response.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "9" of the First Amended Complaint.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "10" of the First Amended Complaint.

11. Deny the allegations set forth in Paragraph "11" of the First Amended Complaint and respectfully refer the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between Defendant City and the New York City Police Department.

12. The allegations set forth in Paragraph "12" of the First Amended Complaint are legal conclusions to which no response is required.

13. The allegations set forth in Paragraph "13" of the First Amended Complaint are legal conclusions to which no response is required.

14. The allegations set forth in Paragraph "14" of the First Amended Complaint are legal conclusions to which no response is required

15. The allegations set forth in Paragraph "15" of the First Amended Complaint are legal conclusions to which no response is required.

16. The allegations set forth in Paragraph "16" of the First Amended Complaint are legal conclusions to which no response is required.

17. The allegations set forth in Paragraph "17" of the First Amended Complaint are legal conclusions to which no response is required.

18. The allegations set forth in Paragraph "18" of the First Amended Complaint are legal conclusions to which no response is required.

19. The allegations set forth in Paragraph "19" of the First Amended Complaint are legal conclusions to which no response is required

20. The allegations set forth in Paragraph "20" of the First Amended Complaint are legal conclusions to which no response is required.

21. The allegations set forth in Paragraph "21" of the First Amended Complaint are legal conclusions to which no response is required.

22. The allegations set forth in Paragraph "22" of the First Amended Complaint are legal conclusions to which no response is required.

23. The allegations set forth in Paragraph "23" of the First Amended Complaint are legal conclusions to which no response is required.

24. The allegations set forth in Paragraph "24" of the First Amended Complaint are legal conclusions to which no response is required.

25. The allegations set forth in Paragraph "25" of the First Amended Complaint are legal conclusions to which no response is required.

26. The allegations set forth in Paragraph "26" of the First Amended Complaint are legal conclusions to which no response is required

27. The allegations set forth in Paragraph "27" of the First Amended Complaint are legal conclusions to which no response is required.

28. The allegations set forth in Paragraph "28" of the First Amended Complaint are legal conclusions to which no response is required.

29. The allegations set forth in Paragraph "29" of the First Amended Complaint are legal conclusions to which no response is required.

30. The allegations set forth in Paragraph "30" of the First Amended Complaint are legal conclusions to which no response is required.

31. The allegations set forth in Paragraph "31" of the First Amended Complaint are legal conclusions to which no response is required.

32. The allegations set forth in Paragraph "32" of the First Amended Complaint are legal conclusions to which no response is required

33. The allegations set forth in Paragraph "33" of the First Amended Complaint are legal conclusions to which no response is required.

34. The allegations set forth in Paragraph "34" of the First Amended Complaint are legal conclusions to which no response is required.

35. The allegations set forth in Paragraph "35" of the First Amended Complaint are legal conclusions to which no response is require.

36. The allegations set forth in Paragraph "36" of the First Amended Complaint are legal conclusions to which no response is required.

37. The allegations set forth in Paragraph "37" of the First Amended Complaint are legal conclusions to which no response is required.

38. The allegations set forth in Paragraph "38" of the First Amended Complaint are legal conclusions to which no response is required.

39. The allegations set forth in Paragraph "39" of the First Amended Complaint are legal conclusions to which no response is required

40. The allegations set forth in Paragraph "40" of the Amended Complaint are legal conclusions to which no response is required

41. The allegations set forth in Paragraph "41" of the First Amended Complaint are legal conclusions to which no response is required

42. The allegations set forth in Paragraph "42" of the Amended Complaint are legal conclusions to which no response is required.

43. The allegations set forth in Paragraph "43" of the First Amended Complaint are legal conclusions to which no response is required

44. The allegations set forth in Paragraph "44" of the First Amended Complaint are legal conclusions to which no response is required

45. The allegations set forth in Paragraph "45" of the First Amended Complaint are legal conclusions to which no response is require.

46. The allegations set forth in Paragraph "46" of the First Amended Complaint are legal conclusions to which no response is required.

47. The allegations set forth in Paragraph "47" of the First Amended Complaint are legal conclusions to which no response is required.

48. The allegations set forth in Paragraph "48" of the First Amended Complaint are legal conclusions to which no response is required.

49. The allegations set forth in Paragraph "49" of the First Amended Complaint are legal conclusions to which no response is required.

50. The allegations set forth in Paragraph "50" of the First Amended Complaint are legal conclusions to which no response is required.

51. Deny the allegations set forth in Paragraph "51" of the First Amended Complaint, except admit that Plaintiffs purport to proceed as set forth therein.

52. The allegations set forth in Paragraph "52" of the First Amended Complaint are legal conclusions to which no response is required

53. The allegations set forth in Paragraph "53" of the First Amended Complaint are legal conclusions to which no response is required.

54. Deny the allegations set forth in Paragraph "54" of the First Amended Complaint.

55. Deny the allegations set forth in Paragraph "55" of the First Amended Complaint.

56. Deny the allegations set forth in Paragraph "56" of the First Amended Complaint.

57. Deny the allegations set forth in Paragraph "57" of the First Amended Complaint.

58. Deny the allegations set forth in Paragraph "58" of the First Amended Complaint, except admit that a 911 call was made from the location.

59. Deny the allegations set forth in Paragraph "59" of the First Amended Complaint, except admit that NYPD officers arrived at the scene and tried to get information from Plaintiff Carrion.

60. Deny the allegations set forth in Paragraph "60" of the First Amended Complaint, except admit that then Lieutenant Hirani arrived at the location.

61. Deny the allegations set forth in Paragraph "61" of the First Amended Complaint.

62. Deny the allegations set forth in Paragraph "62" of the First Amended Complaint.

63. Admit the allegations set forth in Paragraph "63" of the First Amended Complaint.

64. Deny the allegations set forth in Paragraph "64" of the First Amended Complaint, except admit that the NYPD officers were able to gain entry through the Plaintiffs' backyard.

65. Deny the allegations set forth in Paragraph "65" of the First Amended Complaint.

66. Deny the allegations set forth in Paragraph "66" of the First Amended Complaint, except admit that the NYPD officers were able to gain entry through the Plaintiffs' backyard and further admit that Plaintiff Carrion informed the Officers that there was a dog inside.

67. Deny the allegations set forth in Paragraph "67" of the First Amended Complaint, except admit that one of the NYPD officers opened the front door.

68. Deny the allegations set forth in Paragraph "68" of the First Amended Complaint, except admit that NYPD officers gained entry into the Plaintiffs' residence.

69. Deny the allegations set forth in Paragraph "69" of the First Amended Complaint.

70. Deny the allegations set forth in Paragraph "70" of the First Amended Complaint, except admit that a dog was present inside the residence.

71. Deny the allegations set forth in Paragraph "71" of the First Amended Complaint.

72. Deny the allegations set forth in Paragraph "72" of the First Amended Complaint.

73. Deny the allegations set forth in Paragraph "73" of the First Amended Complaint.

74. Deny the allegations set forth in Paragraph "74" of the First Amended Complaint.

75. Deny the allegations set forth in Paragraph "75" of the Complaint, except admit that Plaintiff Carrion was transported to a hospital from the precinct.

76. Deny the allegations set forth in Paragraph "76" of the First Amended Complaint.

77. Deny the allegations set forth in Paragraph "77" of the First Amended Complaint.

78. Deny the allegations set forth in Paragraph "78" of the First Amended Complaint.

79. Deny the allegations set forth in Paragraph "79" of the First Amended Complaint, except admit that Plaintiff Carrion's criminal case was dismissed on August 16, 2023.

80. Deny the allegations set forth in Paragraph "80" of the First Amended Complaint.

81. Deny the allegations set forth in Paragraph "81" of the First Amended Complaint.

82. Deny the allegations set forth in Paragraph "82" of the First Amended Complaint.

83. In response to the allegations set forth in Paragraph "83" of the First Amended Complaint, Defendants repeat and reallege the responses set forth in the previous paragraphs as though fully set forth herein.

84. Deny the allegations set forth in Paragraph "84" of the First Amended Complaint.

85. Deny the allegations set forth in Paragraph "85" of the First Amended Complaint.

86. Deny the allegations set forth in Paragraph "86" of the First Amended Complaint.

87. Deny the allegations set forth in Paragraph "87" of the First Amended Complaint.

88. In response to the allegations set forth in Paragraph "88" of the First Amended Complaint, Defendants repeat and reallege the responses set forth in the previous paragraphs as though fully set forth herein.

89. Deny the allegations set forth in Paragraph "89" of the First Amended Complaint.

90. Deny the allegations set forth in Paragraph "90" of the First Amended Complaint.

91. Deny the allegations set forth in Paragraph "91" of the First Amended Complaint.

92. In response to the allegations set forth in Paragraph "92" of the First Amended Complaint, Defendants repeat and reallege the responses set forth in the previous paragraphs as though fully set forth herein.

93. Deny the allegations set forth in Paragraph "93" of the First Amended Complaint, except admit that the charges against Plaintiff Carrion were dismissed.

94. Deny the allegations set forth in Paragraph "94" of the First Amended Complaint.

95. Deny the allegations set forth in Paragraph "95" of the First Amended Complaint.

96. In response to the allegations set forth in Paragraph "96" of the First Amended Complaint, Defendants repeat and reallege the responses set forth in the previous paragraphs as though fully set forth herein.

97. Deny the allegations set forth in Paragraph "97" of the First Amended Complaint.

98. Deny the allegations set forth in Paragraph "98" of the First Amended Complaint.

99. Deny the allegations set forth in Paragraph "99" of the First Amended Complaint.

100. In response to the allegations set forth in Paragraph "100" of the First Amended Complaint, Defendants repeat and reallege the responses set forth in the previous paragraphs as though fully set forth herein.

101. Deny the allegations set forth in Paragraph "101" of the First Amended Complaint.

102. Deny the allegations set forth in Paragraph "102" of the First Amended Complaint.

103. Deny the allegations set forth in Paragraph "103" of the First Amended Complaint.

104. Deny the allegations set forth in Paragraph "104" of the First Amended Complaint.

105. Deny the allegations set forth in Paragraph "105" of the First Amended Complaint.

106. In response to the allegations set forth in Paragraph "106" of the First Amended Complaint, Defendants repeat and reallege the responses set forth in the previous paragraphs as though fully set forth herein.

107. Deny the allegations set forth in Paragraph "107" of the First Amended Complaint.

108. Deny the allegations set forth in Paragraph "108" of the First Amended Complaint.

109. Deny the allegations set forth in Paragraph "109" of the First Amended Complaint.

110. In response to the allegations set forth in Paragraph "110" of the First Amended Complaint, Defendants repeat and reallege the responses set forth in the previous paragraphs as though fully set forth herein.

111. Deny the allegations set forth in Paragraph "111" of the First Amended Complaint.

112. Deny the allegations set forth in Paragraph "112" of the First Amended Complaint.

113. Deny the allegations set forth in Paragraph "113" of the First Amended Complaint.

114. In response to the allegations set forth in Paragraph "114" of the First Amended Complaint, Defendants repeat and reallege the responses set forth in the previous paragraphs as though fully set forth herein.

115. Deny the allegations set forth in Paragraph "115" of the First Amended Complaint.

116. Deny the allegations set forth in Paragraph "116" of the First Amended Complaint.

117. Deny the allegations set forth in Paragraph "117" of the First Amended Complaint.

118. Deny the allegations set forth in Paragraph "118" of the First Amended Complaint.

119. Deny the allegations set forth in Paragraph "119" of the First Amended Complaint.

120. In response to the allegations set forth in Paragraph "120" of the First Amended Complaint, Defendants repeat and reallege the responses set forth in the previous paragraphs as though fully set forth herein.

121. Deny the allegations set forth in Paragraph "121" of the First Amended Complaint, except admit that the charges against Plaintiff Carrion was dismissed.

122. Deny the allegations set forth in Paragraph "122" of the First Amended Complaint.

123. Deny the allegations set forth in Paragraph "123" of the First Amended Complaint.

124. In response to the allegations set forth in Paragraph "124" of the First Amended Complaint, Defendants repeat and reallege the responses set forth in the previous paragraphs as though fully set forth herein.

125. Deny the allegations set forth in Paragraph "125" of the First Amended Complaint.

126. Deny the allegations set forth in Paragraph "126" of the First Amended Complaint, except admit that the City of New York is a municipal corporation organized under the laws of the State of New York and respectfully refer the Court to the statute cited therein.

127. Deny the allegations set forth in Paragraph "127" of the First Amended Complaint.

128. Deny the allegations set forth in Paragraph "128" of the First Amended Complaint.

129. Deny the allegations set forth in Paragraph "129" of the First Amended Complaint.

130. In response to the allegations set forth in Paragraph "130" of the First Amended Complaint, Defendants repeat and reallege the responses set forth in the previous paragraphs as though fully set forth herein.

131. Deny the allegations set forth in Paragraph "131" of the First Amended Complaint.

132. Deny the allegations set forth in Paragraph "132" of the First Amended Complaint.

133. Deny the allegations set forth in Paragraph "133" of the First Amended Complaint.

134. Deny the allegations set forth in Paragraph "134" of the First Amended Complaint.

135. In response to the allegations set forth in Paragraph "135" of the First Amended Complaint, Defendants repeat and reallege the responses set forth in the previous paragraphs as though fully set forth herein.

136. Deny the allegations set forth in Paragraph "136" of the First Amended Complaint

137. Deny the allegations set forth in Paragraph "137" of the First Amended Complaint.

138. Deny the allegations set forth in Paragraph "138" of the First Amended Complaint.

139. In response to the allegations set forth in Paragraph "139" of the First Amended Complaint, Defendants repeat and reallege the responses set forth in the previous paragraphs as though fully set forth herein.

140. The allegations set forth in Paragraph "140" of the First Amended Complaint are legal conclusions to which no response is required.

141. The allegations set forth in Paragraph "141" of the First Amended Complaint are legal conclusions to which no response is required.

142. Deny the allegations set forth in Paragraph "142" of the First Amended Complaint.

143. Deny the allegations set forth in Paragraph "143" of the First Amended Complaint.

144. In response to the allegations set forth in Paragraph "144" of the First Amended Complaint, Defendants repeat and reallege the responses set forth in the previous paragraphs as though fully set forth herein.

145. Deny the allegations set forth in Paragraph "145" of the First Amended Complaint including all subparts therein.

146. Deny the allegations set forth in Paragraph "146" of the First Amended Complaint.

147. Deny the allegations set forth in Paragraph "147" of the First Amended Complaint.

### **AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

148. The First Amended Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### **AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

149. Any injury alleged to have been sustained resulted from Plaintiffs' own culpable or negligent conduct, and was not the proximate result of any act of the Defendants.

### **AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

150. There was probable cause for Plaintiff Carrion's arrest, detention, and prosecution.

### **AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

151. Plaintiffs fails to state a claim for municipal liability pursuant to *Monell v. Dep't of Social Services,* 436 U.S. 658 (1978).

### **AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

152. Defendants Johnmatthew Diaz, Andy Aguilar, Jeffrey Chin, Anhaiz Hercule, Brianna Forman, Dmitry Vortman, Giuseppe Altadonna, Kurlon Parris and Captain Malik Hirani have not violated any clearly established constitutional or statutory right which a reasonable person would have known and, therefore, are protected by qualified immunity.

### **AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

153. Defendants City of New York, Johnmatthew Diaz, Andy Aguilar, Jeffrey Chin, Anhaiz Hercule, Brianna Forman, Dmitry Vortman, Giuseppe Altadonna, Kurlon Parris and Captain Malik Hirani have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any acts of Congress providing for the protection of civil rights.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

154. Plaintiffs' claims are barred, in part, by the applicable statute of limitations.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

155. To the extent that the First Amended Complaint alleges any claims arising under New York State law, such claims may be barred in whole or in part, for failure to comply with New York General Municipal Law §§ 50-(e), *et. seq*.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

156. At all times relevant to the acts alleged in the First Amended Complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, Defendant City of New York is entitled to governmental immunity from liability.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

157. At all times relevant to the acts alleged in the First Amended Complaint, Defendants Johnmatthew Diaz, Andy Aguilar, Jeffrey Chin, Anhaiz Hercule, Brianna Forman, Dmitry Vortman, Giuseppe Altadonna, Kurlon Parris and Captain Malik Hirani acted reasonably in the proper and lawful exercise of their discretion.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

158. Punitive damages are not recoverable against the City of New York.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:

159. Plaintiffs have failed to mitigate their alleged damages.

**WHEREFORE,** Defendants the City of New York, Johnmatthew Diaz, Andy Aguilar, Jeffrey Chin, Anhaiz Hercule, Brianna Forman, Dmitry Vortman, Giuseppe Altadonna, Kurlon Parris and Captain Malik Hirani request judgment dismissing the First Amended Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:     New York, New York
           January 7, 2025

                                        MURIEL GOODE-TRUFANT
                                      Corporation Counsel
                                      of the City of New York
                                      *Attorney for Defendants*
                                      100 Church Street, 3-210
                                      New York, New York 10007
                                      (212) 356-5052

                                      By: /s/ *Anumeha Tanya*
                                          Anumeha Tanya
                                          *Senior Counsel*
                                          Special Federal Litigation Division

**VIA ECF**
*All Counsel of Record*