UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GARY CARRION and SHAKUR VINES,<br><br>　　　　　　　　　　Plaintiffs,<br><br>-against-<br><br>THE CITY OF NEW YORK, PO SHAWN NICHOLSON, PO MELVIN WELCH, PO JOHNMATTHEW DIAZ, PO ANDY AGUILAR, PO JEFFREY CHIN, PO ANHAIZ HERCULE, PO BRIANNA FORMAN, PO DMITRY VORTMAN, PO GIUSEPPE ALTADONNA, PO KURLON PARRIS, SGT. CORY SHANE AND CPT. MALIK HIRANI,<br><br>　　　　　　　　　　Defendants. | Case No.: 24-CV-03805 (MMH)<br><br>**PROTECTIVE ORDER** |

The Court enters the following Protective Order governing the disclosure of confidential Discovery Material by a Producing Party to a Receiving Party in this Action.

1. **Definitions**. As used in this Order:

    a. "Action" refers to the above-captioned litigation.

    b. "Discovery Material" includes all information exchanged between the parties, whether gathered through informal requests or communications between the parties or their counsel or gathered through formal discovery conducted pursuant to the Federal Rules of Civil Procedure ("Rule" or "Rules") 30 through 36 and 45. Discovery Material includes information within documents, depositions, deposition exhibits, and other written, recorded, computerized, electronic or graphic matter, copies, and excerpts or summaries of documents disclosed as required under Rule 26(a).

    c. A "Producing Party" is a party to this litigation, or a non-party either acting on a party's behalf or responding to discovery pursuant to a Rule 45 subpoena, that produces Discovery Material in this Action.

    d. A "Receiving Party" is a party to this litigation that receives Discovery Material from a Producing Party in this Action.

Updated: June 28, 2021

2. **Confidential Discovery Material**. This Protective Order applies to all confidential Discovery Material produced or obtained in this case. For the purposes of this Protective Order, confidential Discovery Material shall include:

   a. Personnel data of the parties or their employees, including but not limited to, information regarding employment applications; employment references; wages and income; benefits; employee evaluations; medical evaluation and treatment and related records; counseling or mental health records; educational records; and employment counseling, discipline, or performance improvement documentation;

   b. Information concerning settlement discussions and mediation, including demands or offers, arising from a dispute between a party and a non-party;

   c. Medical or mental health information;

   d. Records restricted or prohibited from disclosure by statute;

   e. Non-public disciplinary histories or other records from Civil Complaint Review Board, NYPD Internal Affairs Bureau, other NYPD divisions, or any other governmental agency;

   f. NYPD training materials, including, but not limited to, the non-public sections of the Patrol Guide, Administrative Guide, Operation Orders, and training manuals;

   g. Any personal identifying information of non-parties, including but not limited to names, addresses, phone numbers, to the extent exchanged during discovery, and, for any party or non-party, any social security numbers, financial account numbers, passwords, or other information that may be used for identity theft, to the extent exchanged during discovery;

   h. Information or records that would otherwise be regarded as privileged under New York state or federal law and that is intentionally produced; and

   i. Any information copied or extracted from the previously described materials, including all excerpts, summaries, or compilations of this information or testimony, and documentation of questioning, statements, conversations, or presentations that might reveal the information contained within the underlying confidential Discovery Material.

3. **Manner of Confidential Designation**. A Producing Party shall affix a "CONFIDENTIAL" designation to any confidential Discovery Material produced in this Action.

   a. For documentary information (defined to include paper or electronic documents, but not transcripts of depositions or other pretrial or trial proceedings), the Producing Party must affix the legend "CONFIDENTIAL" to

        each page that contains protected material.

b.      If only a portion or portions of the information on a document page qualifies for protection, the Producing Party must clearly identify the protected portion(s) (*e.g.*, by using highlighting, underlining, or appropriate markings in the margins).

c.      If it is not feasible to label confidential Discovery Material as "CONFIDENTIAL," the Producing Party shall indicate via cover letter or otherwise at the time of production that the material being produced is confidential.

d.      At the time of a deposition or within 10 days after receipt of the deposition transcript, a party may designate as confidential specific portions of the transcript which contain confidential matters under the standards set forth in Section 2 above. This designation shall be in writing and served upon all counsel. No objection shall be interposed at deposition that an answer would elicit confidential information. Transcripts will be treated as confidential for this 10-day period. Any portions of a transcript designated confidential shall thereafter be treated as confidential in accordance with this Order. The confidential portion of the transcript and any exhibits referenced solely therein shall be bound in a separate volume and marked

"CONFIDENTIAL" by the reporter.

4. **Timing of Confidential Designation**.

    a.      Except as otherwise stipulated or ordered, or where discovery is made available for inspection before it is formally disclosed, Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

    b.      If the Producing Party responds to discovery by making Discovery Material available for inspection, the Producing Party need not affix confidential designations until after the Receiving Party has selected the material it wants to receive. During the inspection and before the designation, all material made available for inspection is deemed confidential. After the Receiving Party has identified the Discovery Material it wants produced, the Producing Party must determine which materials, or portions thereof, qualify for protection under this Order, and designate the materials as "CONFIDENTIAL" as required under this order.

5. **Qualified Recipients**. For the purposes of this Protective Order, the persons authorized to receive confidential Discovery Material (hereinafter "Qualified Recipient") are:

    a.      The Parties, including any members, council members, officers, board members, directors, employees, or other legal representatives of the parties;

      b.      Legal counsel representing the parties, and members of the paralegal, secretarial, or clerical staff who are employed by, retained by, or assisting such counsel; including vendors who are retained to copy documents or electronic files, provide technical, litigation support, or mock trial services, or provide messenger or other administrative support services;

      c.      Any non-expert witness during any deposition or other proceeding in this Action, and counsel for that witness;

      d.      Potential witnesses and their counsel, but only to the extent reasonably related to the anticipated subject matter of the potential witness's deposition, trial, or hearing testimony for this Action;

      e.      Consulting or testifying expert witnesses who will be providing professional opinions or assistance for this Action based upon a review of the confidential information, and the staff and assistants employed by the consulting or testifying experts;

      f.      Any mediator or arbitrator retained by the parties to assist with resolving and/or settling the claims of this Action and members of the arbitrator's or mediator's staff and assistants;

      g.      The parties' insurers for this Action, and their staff and assistants, members, officers, board members, directors or other legal representatives;

      h.      Court reporters for depositions taken in this Action, including persons operating video recording equipment and persons preparing transcripts of testimony;

      i.      The Court and its staff, any court reporter or typist recording or transcribing hearings and testimony, and jurors; and

      j.      Any auditor or regulator of a party entitled to review the confidential Discovery Material due to contractual rights or obligations, or federal or state laws, or court orders, but solely for such contractual or legal purposes.

6. **Dissemination by the Receiving Party**.

      a.      Before receiving confidential Discovery Material, each Qualified Recipient who is not included in Sections 5(a) and (b) above, shall: (i) review and agree to the terms of this Protective Order and (ii) execute a copy of the Agreement attached hereto as Appendix A.

      b.      The prohibition on disclosing information designated as "CONFIDENTIAL" exists and is enforceable by the Court even if the person receiving the information fails or refuses to sign the Appendix A Agreement.

7. **Limitations on Use**. Discovery Material designated as "CONFIDENTIAL" shall be held in confidence by each Qualified Recipient to whom it is disclosed, shall be used

only for purposes of this action, and shall not be disclosed to any person who is not a Qualified Recipient. Nothing herein prevents disclosure beyond the terms of this Protective Order if the party claiming confidentiality consents in writing to such disclosure.

8. **Docket Filings**. A party seeking to file documents containing confidential Discovery Material under seal must comply with the Court's rules and electronic docketing procedures for filing motions for leave to file under seal.

9. **Challenges to Confidentiality Designations**. A Receiving Party that questions the Producing Party's confidentiality designation will, as an initial step, contact the Producing Party and confer in good faith to resolve the dispute. If the parties are unable to resolve the dispute without court intervention, they shall apply to the Court for a determination as to whether the designation is appropriate. The party that designated as "CONFIDENTIAL" bears the burden of proving it was properly designated. The party challenging a "CONFIDENTIAL" designation must obtain a court order before disseminating the information to anyone other than Qualified Recipients.

10. **Use at Court Hearings and Trial**. Subject to the Federal Rules of Evidence, Discovery Material designated as "CONFIDENTIAL" may be offered and received into evidence at trial or at any hearing or oral argument. A party agreeing to the entry of this order does not thereby waive the right to object to the admissibility of the material in any proceeding, including trial. Any party may move the Court for an order that Discovery Material designated as "CONFIDENTIAL" be reviewed *in camera* or under other conditions to prevent unnecessary disclosure.

11. **Return or Destruction of Documents**. Upon final termination of this Action, including all appeals, each party shall make reasonable efforts to destroy all Discovery Material designated as "CONFIDENTIAL." The destroying party shall notify the producing party when destruction under this provision is complete. If a party is unable to destroy all Discovery Material designated as "CONFIDENTIAL," that material shall be returned to the Producing Party or the Producing Party's counsel. This Protective Order shall survive the final termination of this action, and it shall be binding on the parties and their legal counsel in the future.

12. **Modification**. This Protective Order is entered without prejudice to the right of any party to ask the Court to order additional protective provisions, or to modify, relax or rescind any restrictions imposed by this Protective Order. Disclosure other than as provided for herein shall require the prior written consent of the Producing Party, or a supplemental Protective Order of the Court.

13. **Additional Parties to Litigation**. In the event additional parties are joined in this action, they shall not have access to Discovery Material as "CONFIDENTIAL" until the newly joined party, by its counsel, has executed and, at the request of any party, filed with the Court, its agreement to be fully bound by this Protective Order.

14. **Inadvertent Disclosure of Protected Discovery Material**. The inadvertent,

unintentional, or *in camera* disclosure of a confidential document and information shall not generally be deemed a waiver, in whole or in part, of any party's claims of confidentiality. If at any time prior to trial, a producing party realizes that some portion(s) of the discovery material that the party produced should be designated as confidential, the party may so designate by apprising all parties in writing, and providing that the material has not already been published or otherwise disclosed, such portion(s) shall thereafter be treated as confidential under this Order.

15. **Jurisdiction**. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder.

_____
*Attorney for Plaintiff*
Name: Stephanie Panousieris
Address:14 Wall St. Ste. 1603,
NY, NY 10005
Telephone: 212-300-6506
Email:stephanie@ricknerpllc.com
Dated: 02-10-2025

_____
*Attorney for Defendant*
Name: Anumeha Tanya
Address: 100 Church St., 3rd Floor
Telephone: 212-356-5052
Email: atanya@law.nyc.gov
Dated: 02-10-2025

**SO ORDERED:**

Dated:   Brooklyn, NY

_____, 20___

_____
HON. MARCIA M. HENRY
United States Magistrate Judge

Updated: June 28, 2021

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GARY CARRION AND SHAKUR VINES,<br><br>                     Plaintiffs,<br><br>           -against-<br><br>THE CITY OF NEW YORK, PO SHAWN NICHOLSON, PO MELVIN WELCH, PO JOHNMATTHEW DIAZ, PO ANDY AGUILAR, PO JEFFREY CHIN, PO ANHAIZ HERCULE, PO BRIANNA FORMAN, PO DMITRY VORTMAN, PO GIUSEPPE ALTADONNA, PO KURLON PARRIS, SGT. CORY SHANE AND CPT. MALIK HIRANI,<br><br>                     Defendants. | Case No.: 24-CV-03805 (MMH)<br><br>**EXHIBIT A** |

I hereby acknowledge that I am about to receive Confidential Information supplied in connection with the above-captioned case. I understand that such information is being provided to me pursuant to the terms and restrictions of the Protective Order entered in this case. I have been given a copy of the Protective Order, have read the Protective Order, and agree to be bound by its terms. I understand that Confidential Information as defined in the Protective Order, or any notes or other records that may be made regarding any such materials, shall not be disclosed to any persons except as permitted by the Protective Order.

_____                          _____

Printed Name                                                                                            Signature

Updated: June 28, 2021