# Rickner PLLC

Stephanie Panousieris | stephanie@ricknerpllc.com

February 10, 2025

**Via ECF**
Hon. Marcia M. Henry, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East, Courtroom 504N
Brooklyn, New York 11201

      Re:    *Carrion v. City of New York, et. al.*, 1:24-cv-3805

Your Honor,

This office represents Plaintiffs Gary Carrion and Lamar Shakur Vines ("Plaintiffs") in the above captioned matter, and write pursuant to the Court's February 5, 2025 conference order directing the parties to confer and re-submit a proposed protective order by today, February 10, 2025.

As Your Honor is aware, the parties previously submitted a proposed protective order which was denied by the Court without prejudice. The City represented to undersigned counsel that the order was a copy of Your Honor's model protective order; however, this was not the case, and the City made several additions and deletions that we overlooked, but were identified by the Court. We apologize for not noticing these changes before the proposal was filed.

After the Court ordered the parties to confer again, counsel for Defendants sent a redlined proposed order with several additions and deletions which appear to reflect the same changes in the previously submitted proposed order. Plaintiffs reviewed these changes, objected to each, and stated a basis for their objections. In response, counsel for the City indicated they would submit a separate proposal for the Court's consideration, and immediately did so without further conferral.

Plaintiffs believe Your Honor's model order is appropriate and sufficient for this case. We object to the addition of subsections 2(f)-(i) presented to us by Defendants' counsel, which are overinclusive and cover information not typically protected, including, but not limited to, third-party witness names and disciplinary files which can be obtained through the State's Freedom of Information Law ("FOIL"). Nor do we see the need to delete paragraph 2(a), which likely does not apply to this case, but its inclusion is harmless. The remaining additions proposed by the City are duplicative, overbroad, and/or unnecessary. Specifically:

- 2(f) is overinclusive and includes information available to the public through FOIL. The added paragraph includes unidentified "other records" from the CCRB, IAB, or "other NYPD divisions." Without clear definitions of these terms and categories, Plaintiffs are concerned that Defendants intend to mark each and every disciplinary record as confidential, even if it could be obtained through FOIL. This goes against public policy, and Defendants have not particularized specific concerns about these records, even though they are currently in the City's possession.

Rickner PLLC

- 2(g), again, is difficult to evaluate and likely overinclusive. The City has not identified which policies or training materials are at issue. Plaintiffs offered to confer on a narrower category of records that addresses any specific concerns the City may have with any policies at issue, but no counter proposal was offered, and no explanation was shared as to why all "training materials," an undefined term, should be designated as confidential.

- 2(h) is extremely overbroad, and would allow the City to either redact or mark as confidential each and every non-party name, including NYPD officers, witnesses, or other third parties with knowledge of these claims. As communicated to Defendants, we believe personal identifying information such as social security numbers or bank account numbers can be properly redacted pursuant to FRCP 5.2 and existing state and federal law without the need for the over-inclusive paragraph suggested by Defendants.

- 2(i) is essentially duplicative of the 2(e) with broader and less specific language. We feel 2(e) sufficiently addresses any additional laws which would render discovery confidential.

A clean copy of Your Honor's model protective order, signed by Plaintiffs' counsel with the correct caption affixed, is attached hereto for the Court's consideration. We thank the Court for its time and consideration of this request.

Respectfully,

Stephanie Panousieris