

**THE CITY OF NEW YORK**

# LAW DEPARTMENT

100 CHURCH STREET
NEW YORK, N.Y. 10007

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

**ANUMEHA TANYA**
*Senior Counsel*
Tel.: (212) 356-5052
atanya@law.nyc.gov

February 10, 2025

**BY ECF**
Honorable Marcia M. Henry
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Gary Carrion et. al v. City of New York, et. al.*, 24 cv 3805 (MMH)

Your Honor:

    I am a Senior Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, representing Defendants in the above-referenced matter. Defendants write to respectfully request that Your Honor endorse the enclosed proposed Protective Order, attached as Exhibit A, which will cover certain sensitive information that may be exchanged in this action going forward. Although plaintiffs do not consent to Defendants' version of the Protective Order, Your Honor previously endorsed an identical Protective Order in *Nerette v. The City of New York et al.*, 24-cv-04829 (KAM)(MMH), E.C.F. No. 20.

    As instructed by Your Honor during the Status Conference on February 5, 2025, Defendants have used Your Honor's Form Protective Order with changes made in red-line. Pursuant to Your Honor's Individual Rules, the proposed Protective Order with track changes is attached as Exhibit B to this letter. There are several substantive changes that were made to Your Honor's form Order: 1) the deletion of subparagraph 2(a) as it is inapplicable to this case; and 2) the addition of subparagraphs 2(e) through 2(h).

The reason for this request is that the types of materials Defendants intend to produce in this case consist of, *inter alia*, files reflecting the specifics of investigations of incidents and allegations of misconduct by the Defendant officers, materials identifying non-party civilians who have had contacts with law enforcement in unrelated matters and who may have a privacy interest in such contacts, and the nature and details of the interactions. These extensive and detailed materials which evaluate the performance of the officers, contain information regarding non-parties to this action, are not otherwise publicly available, and merit protection from public disclosure.

Courts have recognized, even after the repeal of N.Y. Civil Rights Law § 50-a, that this statute does not control the issue of whether NYPD personnel and disciplinary records should receive confidential treatment. *See, e.g.*, *Elliot v. City of N.Y.*, 20 CV 702 (NRB), 2020 U.S. Dist. LEXIS 216028, at *13 (S.D.N.Y. Nov. 18, 2020) (in denying plaintiffs' motion to remove confidentiality designations made pursuant to S.D.N.Y. Local Rule 83.10 confidentiality order, the court ruled , "[m]oreover, and equally important, in Section 1983 cases, like all cases arising under this Court's federal question subject matter jurisdiction, it is federal law – not state law – that controls issues of discoverability, privileges, and confidentiality); *Franklin v. City of N.Y.*, 20 CV 3815 (MKV), 2020 U.S. Dist. LEXIS 188678, at *1 (S.D.N.Y. Oct. 9, 2020) (§ 50-a was not binding on federal courts when the statute was in effect). Courts have found that there is "good cause" in accordance with Fed. R. Civ. P. 26(c) for the confidential treatment of NYPD personnel and disciplinary records, even after the repeal of §50-a. *See, e.g., Elliot*, 2020 U.S. Dist. LEXIS 216028, at **12-13 ("It was the considered judgment of the judges in this District in adopting Local Rule 83.10 that good cause exists independent of Section 50-a for the provisions of the Protective Order, including the specific treatment of NYPD personnel and disciplinary records as confidential"). Indeed, Plaintiffs' suggestion that these documents *may* be obtained through FOIL does not undermine the need for confidentiality. *See Fowler-Washington v. City of N.Y.,* 19 CV 6590 (KAM) (RER), 2020 U.S. Dist. LEXIS 231544, at **8, 19 (E.D.N.Y. Dec. 9, 2020) (differentiating between records produced under FOIL after the repeal of §50-a and under the Federal Rules of Civil Procedure, and affording certain NYPD personnel and disciplinary records confidential treatment in discovery therein).

Consistent with the above, there is good reason for the designation of these types of documents as confidential based on longstanding concerns of privacy of the Defendant officers and civilians, the institutional concerns of witnesses' candor in internal investigations, and the chilling effect on recruiting and morale if no protections were afforded to personnel and disciplinary information. Further, the repeal of § 50-a does not mean that all personnel and disciplinary records of NYPD officers will necessarily be available through a FOIL request.

      Accordingly, Defendants respectfully request that Your Honor endorse the attached proposed Protective Order (Exhibit A) as "good cause" exists. Defendants thank the Court for its time and consideration of these requests.

                                                      Respectfully submitted,

                                                      */s/ Anumeha Tanya*
                                                      Anumeha Tanya
                                                      *Senior Counsel*

Enc.
cc:     **By ECF**
        Stephanie Panousieris, Esq.
        Rickner PLLC