

Stephanie Panousieris, Associate | (212) 300-6506 | stephanie@rmcivilrights.com

December 8, 2025

Via ECF
Hon. Marcia M. Henry, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East, Courtroom 504N
Brooklyn, New York 11201

   Re: *Carrion et al. v. City of New York, et. al.*, 1:24-cv-3805

Your Honor,

This office represents Plaintiffs Gary Carrion and Lamar Shakur Vines ("Plaintiffs") in the above captioned matter, and writes to **respectfully request that the Court order Defendants to serve all outstanding discovery responses and productions on or before December 12, 2025, and schedule party depositions to be completed in the next 30 days.** This is Plaintiffs' first request for judicial intervention concerning discovery.

Plaintiff Gary Carrion commenced this action on May 28, 2024, for violations of his constitutional and statutory rights arising from Defendants' unlawful entry into his home, during which the officers shot and killed his pet dog, Tracy. An amended complaint adding a second plaintiff, the housemate of Mr. Carrion, Lamar Shakur Vines, was filed on September 13, 2024 (Doc. 28). Thereafter, Your Honor worked with the parties to exchange certain pertinent disclosures to enable possible early settlement.

On April 3, 2025, prior counsel for Defendants, ACC Anumeha Tanya, represented to the Court that she was in possession of nearly all of the records discussed at two prior conferences, including the individual defendants' disciplinary records. The Court ordered that they be disclosed by April 18, 2025. *See* Minute Entry dated April 3, 2025. Defendants subsequently requested an extension of time to comply (Doc. 43), which was granted. Thereafter, ACC Tanya was replaced with ACC Mary Jane Anderson, and a scheduling order was entered on July 28, 2025 (Doc. 46). ACC Anderson requested additional time to familiarize herself with the case and the prior court orders, and Plaintiffs agreed. However, despite multiple reminders from undersigned counsel, the records discussed at the Court's late 2024 and early 2025 conferences have yet to be disclosed to Plaintiffs.

Plaintiffs made their initial disclosures on August 6, 2025, and served discovery demands on August 21, 2025. The parties conferred on the status of discovery several times by email and phone, and undersigned counsel repeatedly reminded counsel for Defendants of the April order requiring disclosure of the records previously gathered by ACC Tanya—namely, the disciplinary records of the Individual Defendants. Defendants asked for several curtesy extensions of time to provide document responses and productions, which Plaintiff granted in good faith. However, over the last two months, Defendants have repeatedly promised but failed to produce any discovery. Moreover, Plaintiffs noticed Defendants' depositions for early October, but they remain outstanding. Defendants requested an adjournment of these dates, but never provided their availability in response to undersigned counsel's inquiries and efforts to reschedule.



The parties last conferred just before the Thanksgiving holiday, when Defendants *again* requested more time to make their productions, after Plaintiff suggested, for the second time, that court intervention was necessary. ACC Anderson stated in an email that all disciplinary documents and body worn camera (which Plaintiff previously produced) would be disclosed by November 24, and that formal responses to the document requests would be made by November 26. As of the date of this letter, neither of these commitments have been honored, and discovery remains at a standstill.

The parties are not at an impasse concerning the content of the disclosures, as Defendants have not interposed objections or responded to the demands in any manner. But discovery is currently set to close on January 12, 2026, and no depositions have been held, because paper discovery is woefully incomplete. Given that Defendants have not honored the parties' extension agreements over several months, and have failed to disclose even those documents previously ordered produced by Your Honor in April, **Plaintiffs respectfully request that the Court enter an order requiring Defendants' responses and disclosures to be served on or before December 12, 2025, and direct that all party depositions be scheduled and held within the next 30 days.**

Finally, given these delays by Defendants and the number of parties involved in the suit, the parties will likely require an extension of time to complete discovery beyond the current January 12 deadline. After Defendants make their outstanding disclosures and Plaintiff has an idea of what, if any, disputes require conferral to resolve, the parties can approach the Court jointly with a schedule of depositions or otherwise keep the Court informed of the status of remaining discovery. In an effort to keep this litigation moving forward, Plaintiff can also make regular status reports to the Court to encourage Defendants' compliance and ensure the timely completion of all discovery.

We thank the Court for its time and consideration of this request.

Respectfully,

Stephanie Panousieris
*Associate*